## GEORGE E. SMITH v. WILLIAM M. DUNMAN ET AL.

### No. 734.

1. **Subscribing Witness—Failure to Produce.**—Where there were two subscribing witnesses to a paper, and the witnesses were not shown to be beyond the reach of the court, other proof of its execution is inadmissible.

2. **Vendor's Declaration After Sale.**—The declaration of a vendor made after a sale, and without the presence or knowledge of the vendee, can not be received in evidence to defeat the vendee's title to the property conveyed.

3. **Evidence—Unsigned Deed.**—An unsigned deed, found among the papers of the alleged grantor after his death, is not admissible in evidence to show that no deed had ever been made, although it is shown to have been written about the time it is claimed the deed was executed, and to be in the handwriting of a person who drew another deed, a part of same transaction.

4. **Practice—Remarks of Court.**—It is improper for the trial judge in ruling upon the admissibility of evidence to comment upon its weight.

5. **Recital in Deed—Effect of.**—Where it is claimed parties have made mutual deeds in exchange of lands, and one deed is introduced in evidence, the recital in it of the execution of the other deed is not contractual, and carries with it no estoppel, or presumption that such other deed had been executed, but is evidential of a fact open to explanation.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Austin & Rose*, for appellant.—1. The court erred in refusing to permit defendant to introduce in evidence a receipt signed by Elizabeth Hamshire, by making her mark, dated March 7, 1878, given to H. M. Trueheart & Co., for various title papers, which said receipt recited, among other papers, a deed from Daniel Dunman to Elizabeth Dunman, which said receipt was witnessed by two witnesses, and was excluded by the court upon the ground that the execution thereof had not been proven up by one of the subscribing witnesses. Railway v. McRae, 82 Texas, 616.

2. A lost deed may be established by circumstantial evidence. Bounds v. Little, 75 Texas, 320, 321; Crain v. Huntington, 81 Texas, 615.

3. The court erred in admitting in evidence, over the objection of defendant, the evidence of the witness Lizzie Cronea, given by deposition, in reference to a conversation that she testified that she had with her mother, Elizabeth Hamshire, formerly Elizabeth Dunman, in 1887, about four or five months prior to her mother's death, in reference to the property in controversy. Hinson v. Walker & Co., 65 Texas, 103, 106; Overstreet v. Manning, 67 Texas, 664; Walker v. Cole, 27 S. W. Rep., 883.

4. The court erred in admitting in evidence, over the objection of defendant, a paper writing purporting in its body to be a deed from Daniel Dunman to his mother, Elizabeth Dunman, to lots 2 and 3 in the Martin Dunman survey, in Galveston County, Texas, said paper

writing having all the requisites of a valid deed to said property, except that the same did not appear to have been signed by Daniel Dunman, or by any one else, and apparently had no signature thereto. Dewees v. Bluntzer, 70 Texas, 408; Waul v. Hardie, 17 Texas, 557, 558; Railway v. Burke, 55 Texas, 341.

No brief for appellees has reached the Reporter.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellees, as heirs of Daniel Dunman, deceased, to recover of George E. Smith, the appellant, lot number 3 in the partition of the Martin Dunman survey, in Galveston County, between Elizabeth, the widow of Martin Dunman, deceased, and their children. The partition was made in 1854, and lot 3 was set apart to Susan Holt, a daughter, and was conveyed by her to Daniel Dunman. Lot 2 of said partition was set apart to Daniel Dunman. To the widow, Elizabeth Dunman, one-half of the survey was allotted. Daniel Dunman died in 1862. Defendant claims the land under a deed executed to him by Elizabeth Hamshire, the widow of Dunman, who had since the partition married Hamshire. Defendant produced evidence to establish a lost deed from Daniel Dunman to his mother, Elizabeth Dunman, which conveyed both of the lots 2 and 3; and that the conveyance was made in consideration of a conveyance by his mother to him of a part of the tract set apart to her. The deed from Elizabeth Dunman to Daniel Dunman was in evidence. It was dated June 3, 1854, conveyed $295\frac{6}{10}$ acres, and contained the recital, as a consideration for said conveyance, "$295\frac{6}{10}$ acres of land, being lots numbers 2 and 3," in the partition.

William R. Chubb, a witness for defendant, testified, that the deed was executed; that he was one of the subscribing witnesses thereto, and saw Daniel Dunman sign it; that it conveyed the lots 2 and 3, and was made in consideration of the conveyance from Elizabeth Dunman to Daniel Dunman. There was much other testimony tending to show the existence of the deed.

Appellant offered in evidence a receipt purporting to have been given by Elizabeth Hamshire to H. M. Trueheart & Co., real estate agents, for a lot of papers belonging to her, which had been in their hands, and among them was mentioned a deed, "Daniel Dunman to Elizabeth Dunman." It was signed also by two witnesses. After a general objection by the defense for the want of relevancy or competency had been overruled by the court, and the plaintiff was about to read the receipt in evidence, the court of its own motion excluded the paper until it should be proven by one of the subscribing witnesses. Evidence was given that one of the witnesses was out of town, and the person testifying did not know where the other witness was. The witnesses were not shown to be beyond the reach of the court. It was the right of plaintiffs to waive the objection, and the court, perhaps,

should not have raised it for them; but if objection had been properly made, the action of the court would not have been error.   Railway v. McRae, 82 Texas, 616.

Lizzie Cronea, a witness for the plaintiff, and daughter of Elizabeth Dunman, was allowed to testify about a declaration made to her by her mother, since dead, after she had conveyed the land to the defendant, in a conversation when the defendant was not present, to the effect that the land conveyed by her to Daniel Dunman was for his services in dividing the property; and that Daniel Dunman had bought from Susan Holt lot 3, and lot 2 was set apart to him; and that she wanted to see plaintiffs and let them know that the property was there, and wanted to see them get it.   "It is well settled that the declarations of a vendor made after a sale, and without the presence or knowledge of the vendee, can not be received in evidence to defeat the vendee's title to the property conveyed."   Hinson v. Walker & Co., 65 Texas, 106.   The admission of the testimony was error.

The court erred also in admitting in evidence the paper purporting to be an executed deed from Daniel Dunman to Elizabeth Dunman for the lots 2 and 3; and the testimony of plaintiff's attorney, that "at the time Mrs. Kate Dunman brought the unsigned deed from Daniel Dunman to Elizabeth Dunman to lots 2 and 3 in the Martin Dunman survey to me, I told her that I could not win the case with that paper." The unsigned deed was no evidence that Martin Dunman had not executed the deed that the witness Chubb testified he saw him execute, although it was shown to have been written about the time it is claimed that the deed was executed, and to be in the handwriting of the person who drew the deed from Elizabeth Dunman to Daniel Dunman, and was found among the papers of the latter after his death.   There is no view of the case upon which the remark of plaintiff's attorney to the plaintiff, Kate Dunman, when she gave him the unsigned deed would be admissible.   This paper seems to have impressed the trial judge also as important evidence, from the remarks made by him in ruling upon its admissibility, to the following effect:   "I think that the paper is admissible in evidence for the purpose of explaining the testimony of the witness Chubb, to the effect that he saw Daniel Dunman sign such a deed, but I do not mean to hold that the witness Chubb said anything but what he believed to be true, but the instrument goes to show that he was probably mistaken."   How improper these remarks were is forcibly illustrated by the verdict of the jury, which ignored the testimony of Chubb, who testified positively that he saw the deed executed, and was supported by other potent facts in the case, while the evidence on the other hand was of an unsatisfactory character.

Defendant requested the following instructions to the jury, which were refused:   "If you believe from the evidence that Daniel Dunman made and delivered to his mother, Elizabeth Dunman, a deed conveying to her the property in controversy, you will render your ver-

dict for the defendant for said property, whether said deed was acknowledged and filed for record or not.

"I charge you that the consideration recited in the deed from Mrs. Elizabeth Dunman to Daniel Dunman is presumed to be the true consideration for the making of said deed."

The first should have been given; but it was proper to refuse the second. The recital in the deed from Elizabeth Dunman was not contractual, and carried with it no estoppel or presumption that the deed had been executed. It was evidential of a fact that was open to explanation.

The other assignments of error will not be considered.

For the errors above pointed out, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 24, 1895.