E. C. & L. M. TERRY v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided October 28, 1896.

**1.  Charge of Court—Omission—Request to Correct.**

Failure to include in the charge as to damages all the items claimed, the charge being correct as to those embraced in it, will not be ground for reversal unless instructions remedying the omission are asked.

**2.  Measure of Damages—Carrier—Market Value Not at Destination.**

In a suit for injury to and delay of animals shipped to market evidence of market values elsewhere than at the point of destination is irrelevant.

APPEAL from the County Court of Coryell County. Tried below before Hon. T. C. TAYLOR.

Plaintiffs below appealed from a judgment for defendant.

*McDowell, Miller & Hawkins,* for appellants.—The court erred in his charge to the jury stating the measure of plaintiffs' damage to be "The difference between the value of the hogs in question when delivered in Dallas, and what their value would have been if they have not been damaged (if damaged) in the course of transporation; and not between their value when received and their value when delivered." This limits plaintiffs' right to recover to only a small part of their cause of action, and did not state the correct rule as to that part. The plaintiffs were entitled, first, value of extra labor and expense for delay before starting; second, value of hog killed en route, estimated at the time of death as at destination; third, the extra expense and loss of time in Dallas; fourth, extra labor of reloading said hogs in Dallas; fifth, the difference in the value of said hogs at Dallas if same had been delivered in an undamaged condition promptly, and the value of said hogs in their damaged condition, delivered when they were delivered. And the court should also have specially instructed the jury that if said hogs were negligently delayed either before starting, en route, or after reaching Dallas, and were thereby sold on a depreciated market, then plaintiffs' measure of damages as to that portion of the claim would be the decline in the market.

The court erred in refusing to admit in evidence the quotation of the

hog market in St. Louis, Kansas City and Chicago as shown in the Dallas News of the 18th and 19th of January, 1893.

*Chas. K. Lee* and *J. W. Terry*, for appellee.—Any error of the court, if any, was one purely of omission, and not an affirmative misdirection as to the law, and can only be complained of if a special charge was asked and refused. No special charge was asked. Fink v. Railway, 23 S. W. Rep., 330; Railway v. Shearer, 1 Texas Civ. App., 343; Cockrill v. Cox, 65 Texas, 675.

The testimony shows that there was a market value at Dallas and the only relevant evidence in this case was as to such market value. Evidence as to the markets of Kansas City, Chicago and St. Louis was immaterial and irrelevant. Lazard v. Merchants, etc., Co., 26 Atl. Rep., 897.

FISHER, CHIEF JUSTICE.— *Opinion.*—The charge of the court complained of in the first assignment of error was a correct presentation of the law on the measure of damages as to the items embraced in the charge, and if the charge did not fully submit to the jury all of the items of damages claimed by the appellants, they should have corrected and cured this omission by a special charge, which was not done.

If the court had given an incorrect charge on the measure of damages as to the items submitted, this would have been error, and a special charge seeking to correct it would not have been essential in order to raise the objection to the charge. But when the main charge fails to include all the items of damages claimed, this is an omission which should be corrected by a special charge seeking that end.

There was no error in refusing to hear evidence as to the market value of the hogs in Kansas City, Chicago and St. Louis. As the shipment was to Dallas and the hogs were sold there in the market, and this was shown, the market value there would control.

The evidence warrants the judgment; therefore it will be affirmed.

*Affirmed.*