Missouri, Kansas & Texas Railway Company v. M. A. Withers.

Decided June 2, 1897.

1. Carrier—Contract—Notice of Claim—Interstate Shipment.

The Act of March 4, 1891 (Revised Statutes, articles 3378, 3379), prohibiting contracts limiting time for bringing suit or those requiring notice of claim within less than ninety days, applies to and controls carriers' contracts for interstate shipment.

2. Pleading—Contract with Agent.

It is sufficient to allege that a shipping contract was made with a defendant corporation, and unnecessary to state the name of the agent making it, though the petition is specially demurred to for failure so to do.

3. Carrier—Contract, Oral or Written—Question of Fact.

See opinion for circumstances under which it became a question of fact for the jury whether a shipment of cattle by plaintiff was made under the writtten contract signed by him after they were loaded, or under a previous oral agreement.

4. Same—Argument of Counsel.

See opinion for facts connected with the signing of such contract, in view of which argument of counsel thereon (for which see statement) was not ground for reversal.

5. Same—Verdict Sustained.

Such facts held to warrant a verdict in favor of the cattle shipper disregarding the provision of the written contract of shipment and based upon the oral agreement.

6. Same—Charges.

See charges treating the oral agreement as merged in the subsequent writing held properly refused.

Appeal from Caldwell. Tried below before Hon. H. Teichmueller.

The instructions requested by defendant and refused, referred to in the opinion and in the fourth assignment of error, were as follows:

"First—Whether negotiation between plaintiff and defendant's· agent concerning the shipment of cattle did or did not terminate in a binding verbal contract between the parties becomes immaterial, in this cause, by reason of the subsequent contract made by the parties, under the undisputed evidence before you as to the execution of the said written contract, and you are instructed that its terms are binding upon the parties.

"Second—You are also instructed, that the stipulation in said written contract limiting the liability of the defendant company to damages accruing on its own line is valid, and you could not, in case you find for the plaintiff, find against the defendant for any more damage than the evidence shows was done said cattle by· the wrongful acts of the defendant

while upon its own line and before they were delivered ,o its connecting line at Vinita.

"Third—You are further instructed, that the defendant will not be liable for any injury caused to said stock by the Frisco line after they received said shipment of cattle from the defendant at Vinita, nor for any damage caused by the delay of the bridge company in its failure to transport said stock from the terminal of the Frisco line to the stockyards.

"Fourth—You are further instructed, that if you find from the evidence that the damage complained of was caused by said stock failing to get into the stockyards in time for the market of Tuesday, May 31, and that the defendant or its connecting line placed said shipment at the railway terminal on said route in time to get into said market, and that the failure was caused by the switch engine of said stockyard or said bridge company neglecting to carry said shipment from said railway terminal to the yards, then you are instructed that said person or corporation would be liable for said damage so caused, and not this defendant.

"Fifth—In the written contract of shipment there is a requirement that plaintiff shall give notice in writing to some station agent of defendant company within thirty days after the happening of any damage to said stock, of the nature and amount of said damage, and sue therefor, if at all, within ninety days thereafter, and that a failure upon the part of said plaintiff to give said notice, and bring said suit within said time, should bar any suit for the recovery of said damages, and if given, that plaintiff should only recover for the amount and kind of injury set out in said notice. If, therefore, you find from the evidence that no notice was given to any station agent of the defendant company of said damages, you will find for the defendant; but if you find that notice was given, then you may find for the plaintiff only the kind and amount of damages as set out in said notice, provided the evidence shows the plaintiff to be entitled to that amount under all the instructions herein given.

"Sixth—If you find from the evidence that the shipment was made upon a written contract, and that in said contract defendant's liability was limited to its own route, then you are instructed that it would not be liable for any damage to said cattle after they were delivered by the defendant to its connecting line at Vinita, in the Indian Territory, and if you find that said damages, or any part of them, accrued beyond said terminal point of defendant's road, you will find for defendant, unless from the evidence you can find what part of the damage accrued upon defendant's road before being delivered to the connecting line, and if you can so find from the evidence, then you can find for the plaintiff the amount of damages only which the evidence shows was done to said stock upon defendant's line.

"Seventh—If you find that in the contract plaintiff agreed to give notice in writing to the conductors in charge of the same, or to some station agent of the defendant company of the condition of said cattle, and the defendant had said officers upon said train and at the terminal station at Vinita, and that plaintiff knew of that fact and could have easily made

said report to said officer, then you are instructed that said requirement in said contract would be reasonable, and a failure on the part of the plaintiff to give said notice would defeat his cause of action, and if you so find you will find in favor of the defendant.

"Eighth—The shipment was made upon the written contract, and you will not consider the evidence as to what passed between the parties, with reference to the shipment of said cattle prior to the signing of the contract, but in your consideration of the case, under the charge of the court, you will be governed entirely by the terms, stipulations, and agreements of the parties as set out and expressed in said written contract."

The argument of counsel and action of the court with reference thereto, referred to in the opinion, was as follows:

"M. R. Stringfellow, plaintiff's attorney, in his address to the jury, used the following language, to wit: 'Of course, this contract [referring to the written contract introduced by the defendant] was obtained by force and fraud. Mark Withers had no more chance to refuse to sign than if he stood before a highwayman with his pistol in hand. These corporations force the people to sign whatever they want them to, and we have no protection against them.' When upon objection by defendant that said language was not legitimate argument of the case or any facts in the case, and was intended to excite and prejudice the minds of the jury against the defendant, the court instructed the jury to disregard the language used by the attorney, and permitted him to continue, as follows: 'You know, and I know, that the people have no chance against them. We have to sign what they want us to, but the jurors can protect the people against them by declaring the contract void, and they ought to refuse to enforce a single one of them.' To which language the defendant again objected for the same reason as before, when the court, without stopping the attorney or directing the jury not to regard the language, stated to the defendant's attorney that he should have a bill."

T. S. Miller and Marshall Thomas, for appellant.—1. A local freight agent has no implied authority to contract for the shipment of freight beyond the line of the carrier for which he is agent. Hutch. on Carr., sec. 152a; Machinery Co. v. Railway, 70 Mo., 672; Perkins v. Railway, 47 Me., 592; Wait v. Railway, 5 Lans., 477; Burroughs v. Railway, 100 Mass., 26.

2. A corporation can only contract through its agents or officers, and the statement that an agreement is made with a corporation is a mere conclusion of the pleader, and when questioned by special demurrer the pleader should be compelled to state the agent or officer with whom the contract was made. The uncontroverted evidence shows that all prior negotiations were made in contemplation of the shipment being made under a written contract, which was in fact executed, and the terms of which were valid and binding (unless invalid because unreasonable), and all prior negotiations were merged in the written contract and could not be varied by parol evidence. Arnold v. Jones, 26 Texas, 335; Hutch. on

Carr., secs. 126, 126a, 126b, 127; Ray on Neg. of Imposed Duties, 95-99; Snow v. Railway, 109 Ind., 422; Ins. Co. v. Railway, 72 N. Y., 90; Hill v. Railway, 73 N. Y., 351; Long v. Railway, 50 N. Y., 76; Belger v. Dinsmore, 51 N. Y., 166; Collender v. Dinsmore, 55 N. Y., 200; Hinckley v. Railway, 56 N. Y., 429; Turner v. Railway, 20 Mo. App., 632; Railway v. Cleary, 77 Mo., 634; Railway v. Wilson, 119 Ind., 359.

3. All prior negotiations were merged in the written contract, and the undisputed facts showing that the shipment was made on the written contract which both parties intended to be executed, the court should have assumed in its charge that the shipment was made under the written contract. Same authorities.

4. Where the shipper accepts the receipt or signs the contract he is conclusively presumed, in the absence of fraud or imposition, to have assented to all of its terms. Ryan v. Railway, 65 Texas, 17; Hutch. on Carr., sec. 240; Hill v. Railway, 73 N. Y., 351; Ins. Co. v. Railway, 72 N. Y., 90; Morrison v. Construction Co., 44 Wis., 405; Fuller v. Ins. Co., 36 Wis., 599; Mulligan v. Railway, 36 Iowa, 181; Kirkland v. Dinsmore, 62 N. Y., 171; Grace v. Adams, 100 Mass., 505; Railway v. Weakly, 50 Ark., 397; Railway v. Cleary, 77 Mo., 634; Railway v. Harwell, 91 Ala., 340; Jones v. Railway, 89 Ala., 376; Harris v. Railway, 15 R. I., 371.

5. The contract limiting the liability of the appellant to such damages as occurred on its own line was valid and binding. Railway v. Baird, 75 Texas, 256; McCarn v. Railway, 84 Texas, 352.

6. A carrier is not liable for injury or damage which occurs on a connecting line unless it has assumed such liability by contract, express or implied. Railway v. Baird, 75 Texas, 264; Hunter v. Railway, 76 Texas, 197; Hutch. on Carr., sec. 149; Ray on Neg. of Imposed Duties, 365.

7. The clause of the contract providing that the shipper shall make reports of the condition of the cattle to the conductors at the end of each division, and to the station agent at the terminal station of Vinita, is reasonable, easy to be complied with, and binding. Goggin v. Railway, 12 Kan., 416; Dunn v. Railway, 68 Mo., 268; Railway v. Harwell, 91 Ala., 340.

8. If appellee had a verbal contract for the shipment of this stock, the court should not have submitted this theory of the case, because there is no evidence in the record that appellant's agent had any authority to make the contract as alleged by appellee, nor is there any evidence that he had ever been held out as having such authority, and under the law he had no implied authority to bind appellant by contract beyond its own line. Hutch. on Carr., sec. 152a; Machine Co. v. Railway, 70 Mo., 672; Perkins v. Railway, 47 Me., 592; Wait v. Railway, 5 Lans., 477; Burroughs v. Railway, 100 Mass., 26.

9. The requirement in the contract that appellee should present a written notice for his claim for damages to the nearest station agent within thirty days and sue therefor within ninety days is reasonable and valid, and this being an interstate shipment, the acts of the Legislature of 1891 have no application, or if applicable are void, because an inter-

ference with interstate commerce.   Railway v. Trawick, 68 Texas, 314; Railway v. Illinois, 118 U. S., 557; Railway v. Hefley, 158 U. S., 98.

, *Stringfellow & Coopwood,* for appellee.—1.   The parol contract relied on by appellee was not merged in the alleged written contract set up by · appellant as matter of law.   Railway v. Carter, 29 S. W. Rep., 565; Railway v. Grant, 26 S. W. Rep., 286; Schouler on Bailments, secs. 469, 474.  ·

2.   The conditions and limitations of liability contained in the written contract are void, because they do not appear on the face of the contract to be reasonable, and because they are not alleged and proved to be fair, just and reasonable, the burden of proving which was upon appellant. Railway v. Harris, 67 Texas, 166; Railway v. Childers, 1 Texas Civ. App., 302; Railway v. Greathouse, 82 Texas, 111; Railway v. Paine, 1 Texas Civ. App., 621; Railway v. Tabor, 36 S. W. Rep., 18; Railway v. Johnson, 29 S. W. Rep., 428; Railway v. Herring, 36 S. W. Rep., 129; Gen. Laws, 22d Leg., ch. 17, p. 20.

3.   The entire written contract relied on by appellant was void for want of consideration; because it did not represent appellee's free choice, and because it was obtained by fraud and duress.   Railway v. Cravens, 20 S. W. Rep., 803; Railway v. Carter, 29 S. W. Rep., 565; Railway v. Grant, 26 S. W. Rep., 286; Withers v. Railway, 32 S. W. Rep., 906; Railway v. Lockwood, 17 Wall., 357; Bank v. Exp. Co., 93 U. S., 174; 3 Am. and Eng. Encyc. of Law, 830, 831.

FISHER, CHIEF JUSTICE.—This suit is by appellee against appellant to recover damages for the breach of a parol contract of the shipment of cattle to East St. Louis.   The pleadings and facts are substantially the same as set out in the case of Railway v. Carter, 29 Southwestern Reporter, 565.   The suit here was for $1759, and verdict and judgment was for $920.80.

We find the following facts: In May, 1892, appellee Withers and the appellant, through its agents, entered into a parol or verbal contract for shipment of the cattle in question, substantially as alleged by the plaintiff, whereby it was agreed, that the defendant would transport the cattle of plaintiff from Maxwell, Texas, to East St. Louis, and they were to be delivered by the appellant in East St. Louis on Tuesday morning, May 31, 1892, in time for that day's market.   The cattle were shipped for sale in the market at that place, which fact was known to the agent of appellant. The agreement was that the cattle were to be loaded on the cars at Maxwell, Texas, by 1 or 2 o'clock p. m., Saturday, May 28, 1892, and were to be sent on in a special train.   The cattle were loaded on the train at Maxwell about 1 o'clock p. m., May 28th, and the train started out about 2 or 3 o'clock that evening.   The agreement was that the cattle were to be run through to Vinita, Indian Territory, in twenty-six hours, and there were to have ten hours rest for feed and water.   The cattle were delivered to and received by the railway company under this verbal or

parol contract.  We find that the agent who entered into the contract with appellee had authority to make it.

A few minutes before the train started, the appellee, at the request of the agent of the appellant, signed the written contract pleaded by the defendant.  Before signing it he did not read it, and, as he says in his evidence, did not have time to read it before the train started, and did not know its contents.  When the contract was signed the cattle were on board the cars, and the cars had been closed and sealed, and the evidence of plaintiff is to the effect that he supposed the contract signed by him was a pass for a man to go with the cattle and return.  In the parol or verbal contract there were no conditions about signing reports as to the condition of the cattle, nor about filing claims for damages, or when suit should be brought.  There does not appear to be any additional or new considerations given for the execution of the written contract, or any additional advantage or privilege extended to appellee in consideration of its execution.

The facts show substantially that the appellee sustained the damages in the way and manner stated in his pleadings, and that the appellant breached the contract in the manner there stated, and that by reason thereof the damages resulted.  The written contract signed by appellee as pleaded by appellant contains the stipulations set out in its pleadings.

*Conclusions of Law.*—This is the same shipment of cattle that was passed upon by this court in the case of Railway v. Carter, 29 Southwestern Reporter, 565, and the controlling facts of this case are almost identical with that case, and the principles of law there stated are controlling and applicable here.  This case was also before this court, and is reported in 32 Southwestern Reporter, 906, in which the doctrine of the Carter case was approved.

The Act of March 4, 1891, was in force when the contract in this case was entered into.  In the Eddins case, 7 Texas Civil Appeals, 117 (26 Southwestern Reporter, 162), and the Carter case, supra, and in Reeves v. Texas & Pacific Railway, 32 Southwestern Reporter, 920, that act is held to apply to interstate shipments.  The petition was sufficient in stating that the contract of shipment was made with the company.  There was no error in refusing the charges requested as set out in the fourth assignment of error.  The charge of the court fully presented all of the issues that should have been submitted to the jury.  We are not prepared, under the facts of this case, to say that the appellant, by the wrongful and, in effect, fraudulent manner in which it obtained an execution of the written contract set up by it, did not lay itself open to the charges made against it by the attorney for appellee in his argument.  But, however, we do not believe that the remarks of counsel to the jury influenced the verdict, as we are satisfied, from the case made by the facts, they would have found the way they did if this language had not been used.  What has been said concerning the charges given, and those refused, applies to the eighth, eleventh, and twelfth assignments of error.

In response to the thirteenth assignment of error, we are clearly of the opinion that the facts warrant the verdict and judgment.    Judgment affirmed.

*Affirmed.*

Writ of error refused.