JAMES HOWORTH v. J. W. CARTER.

Decided April 25, 1900.

**Court and Jury—Comment on Testimony—Evidence of Character.**

Though in support of character, where it is in issue, witnesses may give their opinion, based on the fact that, living in the same town for years, they had never heard the person's character discussed, it was reversible error for the judge, in overruling an objection to such testimony, to say in the presence of the jury, that he thought the fact that a man's reputation had never been discussed was the very best evidence that it was good.

APPEAL from the County Court of Bell. Tried below before Hon. D. R. PENDLETON.

*J. B. McMahon,* for appellant.

*Pearce & Felts,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant upon a promissory note. Appellant pleaded a want of consideration, and charged that he had been induced to sign the note by the fraudulent conduct of the plaintiff. Upon trial before a jury, appellant introduced witnesses whose testimony tended to impeach appellee's general reputation for honesty.

Thereupon, appellee placed five witnesses upon the stand for the purpose of sustaining his general reputation for honesty; and after they had qualified themselves to testify on that subject in response to general questions by appellee's counsel, they stated in response to questions propounded on cross-examination that they had never heard appellee's reputation for honesty and fair dealing discussed; and that they based their opinion upon the fact that they had known him and lived in the same town with him for ten years, during which time they had never heard his reputation for honesty discussed. They stated, however, that they had heard him called a good man.

Appellant's counsel then objected to the witnesses further answering in regard to appellee's general reputation for honesty and fair dealing, because they failed to qualify themselves to speak in reference thereto.

The trial judge overruled the objection, and in doing so stated that he thought that the fact that a man's reputation had never been discussed was the very best evidence that it was good. This statement was made in the presence of the jury, and was objected to as calculated to injure appellant before the jury.

The third assignment complains of this action of the court, and requires a reversal of the judgment. The statute expressly prohibits a trial judge from commenting in his charge upon the weight of testimony, and it has been decided that the spirit of the law is violated by the judge's comments upon the weight of testimony, though not em-

braced in the written charge to the jury. Smith v. Dunman, 29 S. W. Rep., 432; Hynes v. Winston, 40 S. W. Rep., 1025; Sargent v. Lawrence, 40 S. W. Rep., 1075; McMinn v. Whelan, 27 Cal., 300.

The remarks referred to were equivalent to the judge stating to the jury that the evidence then about to be submitted to them was better and entitled to more weight than the evidence submitted by appellant on the same subject. According to the doctrine announced in Boon v. Weathered, 23 Texas, 680, the evidence was admissible, and the judge properly overruled the objections urged against it, but he should have done so without indulging in the remarks referred to.

The other assignments point out no error and will be overruled. For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*