GULF, COLORADO & SANTA FE RAILWAY COMPANY v. IKE FUNK.

Decided April 4, 1906.

### 1.—Cattle Shipment—Damages—Oral Agreement—Time of Delivery.

A carrier is liable for damages from fall in the cattle market, where it failed to comply with an oral undertaking to deliver in time for the market of a specific day, and the shipper did not know that he would be required to sign a written agreement that the contract was for transportation by no particular train or day, nor that the contract he afterwards signed so provided.

### 2.—Witness—Personal Knowledge—Presumption.

A witness testifying as to the schedule time of trains on a railway is presumed to speak from personal knowledge, in the absence of evidence that his statement was based on hearsay.

### 3.—Justice Court—Pleadings.

Where the record does not show the contrary, oral pleadings will be presumed to have been made authorizing evidence which was admitted, in a case originating in Justice Court.

**4.—Written Contract—Varying by Parol.**

Recovery on an oral contract to deliver a shipment of cattle in a named time, is not precluded by a subsequent written contract not so agreeing, where the shipper did not know that he signed or would be required to sign such contract.

Appeal from the County Court of Tom Green County. Tried below before Hon. Milton Mays.

*J. W. Terry* and *A. H. Culwell,* for appellant.

EIDSON, ASSOCIATE JUSTICE.—This suit was originally brought in the Justice's Court by appellee, and from a judgment rendered therein an appeal was taken to the County Court, in which court verdict and judgment was rendered and entered in favor of the appellee for the sum of $100.

The suit was for damages growing out of the shipment of a car of cattle from San Angelo to Fort Worth. Appellant's contention under its first assignment of error is that the verdict of the jury is contrary to the evidence in that the same conclusively shows that the shipment of cattle was made under a written contract, whereby appellant only undertook to deliver the cattle at destination within a reasonable time, and that it complied with such contract. While the evidence shows that appellee, at the time the cattle were loaded and shipped, signed a contract which provided that appellant only undertook to deliver the cattle at their destination within a reasonable time, there is uncontroverted testimony in the record to the effect that the shipment was made under a prior verbal contract, whereby appellant, through its agent, agreed to furnish cars for appellee's cattle at a certain time, and to deliver said cattle at their destination in time for a particular market; and there is testimony tending to show that the terms of said verbal contract were not complied with, and there is no testimony in the record tending to show that at the time appellee made the verbal contract he knew that he would be required to sign the written contract, nor does it appear from the testimony that he knew the contents of the written contract. Hence we overrule this assignment. (Gulf, C. & S. F. Ry. Co. v. Hume, 87 Texas, 219; San Antonio & A. P. Ry. Co. v. Williams, 57 S. W. Rep., 883.)

Appellant's second assignment of error is not well taken. The testimony tends to show that appellant's failure to comply with its contract caused the cattle to be delayed in course of shipment from 12 to 16 hours, and on that account they suffered a shrinkage and loss in weight of from 30 to 50 pounds each, and that if it had not been for this delay they could have been placed on the market a day earlier when the market for such cattle was from 15 to 25 cents per hundred higher than on the day they were sold. There were 62 head of the cattle, and the damages on account of shrinkage and loss in weight and fall in the market price, according to this testimony, amounted to fully the sum of $100, the amount of the verdict and judgment.

There was no error in the action of the court below in permitting the witness Felix Mann to testify what the schedule time was on the Fort Worth & Rio Grande Railway, and what time the train would have

arrived at Fort Worth had the same left San Angelo at a given time. Appellant's objection to the admission of this testimony is that it was hearsay. The witness testified that "the trains on the Fort Worth & Rio Grande Railroad at that time were scheduled to leave Brownwood at about 10 o'clock in the night, and had the cattle left Brownwood at 10 o'clock on the night of January 11, they would have reached Fort Worth in time to have been sold on the market of January 12." This was not hearsay testimony, but was testimony with respect to a matter within the personal knowledge of the witness, insofar as the testimony showed.

This suit was brought in the Justice's Court where written pleadings are not required, and we can not say from the record that appellee's pleadings were not sufficient to authorize him to make proof of the matters complained of in appellant's fourth assignment of error. If the language of the written complaint lodged in the Justice's Court was insufficient to admit the testimony complained of, appellee could have supplemented same by oral pleadings which would admit such testimony; and there is nothing in the record to show that such oral pleadings were not made.

Appellant's fifth assignment of error complains of the admission by the court below of the testimony of appellee and the witness Felix Mann, as to the verbal contract with appellant's agent to furnish cars and to deliver the cattle at their destination at a particular time, upon the ground that such testimony tended to vary and contradict the written contract under which appellant claimed the cattle were shipped. Appellee's cause of action was based upon the verbal contract which was made prior to the written contract, which was not executed until the cattle were loaded and shipped. The verbal contract required appellant to furnish cars at a particular time and to deliver the cattle at their destination in time for a particular market; and, as before stated, there is no testimony in the record showing that appellee knew at the time the verbal contract was made that he would be required to sign the written contract, or that he knew the contents thereof. The suit having originated in the Justice's Court, the plaintiff's pleadings were sufficient to authorize the admission of the evidence.

There was no error in that part of the charge of the court which instructed them to the effect that if they found in favor of the plaintiff for any amount of damages, the same should not exceed the amount claimed in his petition, especially as the verdict was for much less than that amount.

The judgment of the court below is affirmed.

*Affirmed.*