HIGHTOWER BROTHERS v. W. F. TAYLOR COMPANY, LIMITED.

Decided March 17, 1910.

**1.—Evidence—Written Instrument—Subscribing Witnesses.**

Proof of the execution of a written instrument attested by subscribing witnesses can not be made by evidence of the handwriting without showing that the testimony of such subscribing witnesses can not be had.

**2.—Vendor's Lien—Homestead—Collateral Security—Foreclosure.**

A note secured by a vendor's lien against the homestead having been paid by a third party at request of the maker, the latter could foreclose the lien if the transaction was a purchase of the note and transfer of it to him. If the transaction was a payment made for the purpose of discharging the lien, turning over the note by the maker to the one paying it as collateral security for other indebtedness would be the creation of a lien against his homestead and forbidden by law.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*W. C. Lane,* for appellant.—When the execution of a written instrument having subscribing witnesses is denied under oath the execution of such instrument must be proved by such subscribing witnesses. Lewis v. Bell, 40 S. W., 747, 11 Am. & Eng. Ency. Law, 589.

*Beard & Davidson* and *S. P. Jones,* for appellee.—W. M. Hightower, in writing, renewed the vendor's lien note on said land for $2,000, and Mattie Hightower and W. M. Hightower had no homestead interest superior to vendor's lien on said land to secure the purchase money. Baker v. Collins, 4 Texas Civ. App., 520; Jackson v. Bradshaw, 24 Texas Civ. App., 30.

LEVY, ASSOCIATE JUSTICE.—Appellee sued for a debt and to fore-

close the vendor's lien on certain land and an attachment lien on certain land, and to foreclose a chattel mortgage on personalty. Among other defenses plead, the appellants denied under oath the execution of the chattel mortgage sued on. The case was tried to a jury, and judgment was entered upon their findings on special issues.

Appellants assign error upon the ruling of the court in allowing appellee to offer in evidence the chattel mortgage sued on. The chattel mortgage was signed "Hightower Bros.," and was not acknowledged or proved by the parties who signed it, but was attested to by two subscribing witnesses. The bill of exception shows that appellee, over objection of appellants and without offering the testimony of either of the two subscribing witnesses or offering to account for the absence of the testimony of the attesting witnesses as to the execution of the mortgage, offered to prove the execution of the mortgage by proof of the handwriting of W. M. Hightower, of the firm of Hightower Bros. It is a fixed rule as to execution and proof of documents, that where there are subscribing witnesses to the document they must first be produced to prove its execution or the absence of their testimony must be satisfactorily accounted for before resort can be had to other evidence in proof of the execution of the document. 1 Greenleaf, sec. 569; ibid. vol. 2, sec. 158; 2 Blackstone, sec. 368; 11 A. & E. Ency., p. 589; 14 Ency. of Ev., p. 758; 2 Wigmore on Ev., sec. 1287; International & G. N. Ry. Co. v. McRae, 82 Texas, 614, 18 S. W., 672; Smith v. Dunman, 9 Texas Civ. App., 319, 29 S. W., 432; Lewis v. Bell, 40 S. W., 747. The reason for the rule is that the parties, by selecting the witnesses to attest the instrument, have agreed to depend upon their testimony as to the fact of execution; and because that is the best evidence to be had of the fact of execution, their evidence must first be produced, if possible to be obtained, before secondary evidence can be resorted to. Appellee urges that proof of handwriting, accompanied by proof of manual delivery of the document by one of the partners, is sufficient to supply proof of its authenticity and to let the instrument in evidence. So stringent is the common law rule that the execution of a document can not be otherwise proved if it be possible to produce the subscribing witnesses, that even proof of extrajudicial admission of the maker is inadmissible until it is first shown that the subscribing witnesses can not be had. 1 Greenleaf, sec. 569b; Richmond & D. Ry. Co. v. Jones, 9 So., 276. The verified denial of the execution of the mortgage by appellants required the appellee to produce evidence of its execution and delivery as required by the common law rule of evidence. Evidence of handwriting of the maker, or any other circumstance tending to show the due and valid execution of the instrument, is admissible as evidence, but not until it is first shown that the direct testimony of the subscribing witnesses on the point of execution is unattainable. 14 Ency. of Ev., pp. 782, 785. The authorities cited by appellee are applicable to the exceptions laid down to this common law rule of evidence. 1 Greenleaf, sec. 571; 14 Ency. of Ev., p. 736. For example of the exceptions, where a deed is used to show color of title or extent of claim by one claiming title through adverse possession, the claimant does not rest on the authenticity of the deed, but upon its contents as embodying the extent of

the claim. In this suit there is no claim by appellants made under the instrument sued on. The evidence might be admissible, as contended, on estoppel from questioning the validity and effect of the mortgage. But until the instrument is properly in evidence its effect and validity as a mortgage, as against the partners, is not an issue. Because appellee did not properly and sufficiently prove execution of the mortgage as a preliminary to reading the mortgage in evidence, there was error in admitting the mortgage in evidence. In passing, we say that this court would hesitate to reverse the case if this were the only error.

The appellant, W. M. Hightower, challenges the judgment in this case in foreclosing a vendor's lien against the land in suit, because it was his homestead. If the appellee was the purchaser and owner in good faith of the land note, then it was proper to foreclose the lien against the land in question. The appellee so alleges in its original petition, that it was the purchaser and owner of the land note. In its supplementary petition it alleges that the land note was delivered to it by appellants "as collateral security for their said indebtedness as evidenced by the account of Hightower Bros. attached to plaintiff's amended original petition, and the said Hightower Bros. so delivered said note as collateral security for said account as aforesaid." The prayer is for judgment upon the account and also upon the collateral note, and that the proceeds of the sale of the land be applied to the account and indebtedness due by appellants. The judgment as entered recites that the jury found that the appellee held the land note as collateral security to secure the payment of the account due and owing to the appellee. If it be true that appellee paid the land note for appellants with the intention and purpose of discharging the debt against the land, and that the debt was so discharged, and after the debt was so discharged the appellants delivered the note to appellee as collateral security for the account owing for goods, and the appellee holds the land note as collateral security to secure the payment of the store indebtedness against appellants, then there was error in foreclosing a lien against the homestead. If the debt was paid, and the payment was for the purpose of discharging the lien against the land, and the appellee was not the purchaser of the note as such, then there would be no valid lien as against the homestead to foreclose. The purchase money on the homestead having been paid with the intention of discharging the lien, then any subsequent agreement with reference to holding the note as a lien note against the homestead as collateral security for other indebtedness would, as against the homestead, be a void transaction. If, however, appellee was the bona fide purchaser by assignment of the note, and sues thereon as the owner and holder of the note, then the lien could be foreclosed. As the decree is entered it gives force to the findings of the jury that appellee held the land note as security for the entire debt of $3,335.47, which includes the draft for the land note and orders sale for the purpose of paying all the indebtedness. This was error in any phase of the case. If the note was held as collateral security for the store indebtedness, it would, in effect, be allowing a lien against a homestead for such debt, and be void by the terms of

law. If the appellee held the note as assignee, he was entitled to a foreclosure for the amount due on the note, and the proceeds above that amount as against a homestead claim could not be otherwise applied in the judgment.

The judgment was ordered reversed and remanded for another trial.

*Reversed and remanded.*