ST. LOUIS, S. F. & T. RY. CO. et al. v. GILLIAM & JACKSON. (No. 601.)

(Court of Civil Appeals of Texas. Amarillo. April 11, 1914. Rehearing Denied May 9, 1914.)

1. APPEAL AND ERROR (§ 1067*)—REVIEW—HARMLESS ERROR—PRESUMPTIONS.
Where the shipper claimed that a verbal contract, instead of the written one, limiting the carrier's liability, governed, and there was sufficient evidence to prove the terms of the verbal contract and to sustain the shipper's claim that there was no consideration for the written contract, a verdict in the shipper's favor raises a presumption that the jury found that the shipment was made under the verbal contract, though the question which contract governed was not submitted, and hence the failure of the charge to submit issues presented by the written contract was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

2. APPEAL AND ERROR (§ 1068*)—REVIEW—HARMLESS ERROR.
Where the defendant carrier did not request any instruction submitting the issue whether a written contract limiting its liability was based on a valid consideration, and a verdict for plaintiff raised a presumption that it was without consideration, and that the rights of the parties were fixed by a verbal contract, a statement by the trial court that some of the provisions of the written contract were without consideration, while improper, being on the weight of the evidence, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

3. CARRIERS (§ 62*)—VALIDITY OF ORAL CONTRACT.
Where the agent of a carrier verbally contracted with a shipper, the carrier is liable on such contract, though a written bill of lading was subsequently drawn up and accepted, unless the shipper at the time of making the verbal contract knew he would be required to sign the written contract, and hence, where a shipper relied on a verbal contract, evidence of its terms is admissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 195–206½; Dec. Dig. § 62.*]

4. EVIDENCE (§ 491*)—OPINION EVIDENCE—WHAT CONSTITUTES.
In an action for delay of a shipment of cattle, testimony by a witness that he thought the run was a "very slow run" is not objectionable as opinion evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2269; Dec. Dig. § 491.*]

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Action by Gilliam & Jackson against the St. Louis, San Francisco & Texas Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Fires, Decker & Clarke, of Quanah, for appellants. J. C. Marshall and M. M. Hankins, both of Quanah, for appellees.

HALL, J. The appellee instituted this suit in the district court of Hardeman county, Tex., against appellants for damages to a shipment of cattle made by appellee over appellants' line of road about March 23, 1912, from Quanah, Tex., to Kansas City, Mo. By original petition, appellees sought to recover on account of the negligence of appellant in delaying the cattle and by reason of rough and careless handling, causing shrinkage, and alleged a decline in the market. Appellant filed a general denial and specially pleaded the fifth paragraph of the written contract of shipment, which paragraph provides that the live stock in said shipment were not to be transported or delivered within any specified time nor in season for any particular market. This is followed by the following: "And herein plaintiff pleads each and every paragraph, clause and provision of said contract, attaches the said contract hereto, and makes the same a part of this answer." The ap-

pellant further specially set up in defense the regulations of the Interstate Commerce Commission forbidding carriers to confine cattle in cars more than 28 consecutive hours and alleged that the plaintiff in writing released the "36-hour rule" and requested that said cattle be unloaded, fed, and watered, which was done. The contention of appellee is that the shipment was made under an oral contract, and by supplemental petition set up the same, and alleged that there was no consideration for the written contract plead by appellant. The case was tried upon special issues submitted to the jury, and resulted in a verdict and judgment for appellees in the sum of $673.69.

[1] The appellant's first assignment of error urges the proposition that because the thirteenth paragraph of the written contract of shipment provided that, in case of delay for any cause for which the company may be liable, payment should be made on the basis of the amount which the shipper is caused to expend on account of delay for feed, water, and care of live stock, the court erred in submitting to the jury any other measure of damages than that provided for in said paragraph. As said above, the appellee pleaded a want of consideration for the written contract, but alleged that the shipment was made under a verbal agreement entered into between appellees and the agent of appellants at Quanah. The court nowhere submitted to the jury the issue as to which contract controlled the shipment, nor was the question of the want of consideration submitted. We must presume in this state of the record that the jury found the shipment to have been made under the verbal contract and that there was no consideration for the written contract. There is evidence in the record sufficient to prove the terms of the verbal contract alleged by appellees and to sustain the plea of want of consideration as alleged. Devine v. U. S. Mortgage Co., 48 S. W. 585; Holly v. Simmons, 99 Tex. 230, 89 S. W. 776; Breneman v. Mayer, 24 Tex. Civ. App. 164, 58 S. W. 725. Such being the case, the error of the court, if any, in failing to charge upon any issue which might have been injected into the cause by the terms of the written contract, becomes harmless.

[2] The second assignment of error complains of the action of the court in stating in the hearing of the jury that some of the provisions of the written contract introduced by appellant were without consideration. By force of the presumption mentioned above, we must conclude that the written contract was without consideration. This statement of the court, under ordinary circumstances, would require a reversal of the judgment. It has been frequently held that any remark of the court with reference to the evidence which tends to give his opinion, either as to the weight or effect of the evidence, falls within the statute prohibiting the trial court

in the charge from discussing the weight of the evidence. Howorth v. Carter, 23 Tex. Civ. App. 469, 56 S. W. 539; Texas & Louisiana Lumber Company v. Rose, 103 S. W. 444; Lewter v. Lindley, 89 S. W. 784. The remark of the court having been made with reference to an issue which, through the failure of appellant to have submitted to the jury, we are forced to presume was found in accordance with the statement made by the court, we must hold the error to be harmless. Having failed to have the issue submitted to the jury, we think appellant has waived its right to complain, since the verity of the court's statement is presumed.

[3] The third assignment of error is that the court erred in permitting the testimony of the plaintiff Jackson to the effect that the defendants' agent at Quanah promised to get his cattle into Kansas City in time for the Monday market. The objection urged to the testimony was that the evidence was irrelevant, immaterial, and, as shown by the written contract offered in evidence, the agent had no authority to make such statement, and it was not shown that he did make the statement by any authority of the defendants. The suit being based upon the oral contract, this testimony was admissible to prove the plaintiff's allegations. Where the agent of a carrier verbally contracts with the shipper, the carrier may be held liable, notwithstanding the fact that a written bill of lading is subsequently drawn up and accepted by the shipper, and the verbal contract will be binding upon the carrier, in the absence of anything showing that at the time the verbal contract was entered into the shipper knew that he would be required to sign the written contract and that he was familiar with the contents of the writing. Gulf, etc., Ry. Co. v. Funk, 42 Tex. Civ. App. 490, 92 S. W. 1032; Atchison, Topeka & Santa Fé Ry. Co. v. Bryan, 37 S. W. 234; Gulf, etc., Ry. Co. v. Hume, 87 Tex. 211, 27 S. W. 110; M., K. & T. Ry. v. Withers, 16 Tex. Civ. App. 506, 40 S. W. 1073; G., C. & S. F. Ry. v. McCord, 81 S. W. 1032.

The fourth and fifth assignments are without merit. We think the charge of the court upon the question of the measure of damages was sufficient, and not subject to the criticism urged by appellants. The court submitted the following special issues to the jury:

"(4) If in answer to the preceding questions you say the defendant was guilty of negligence in either of the respects inquired about, then state whether or not the market value of said cattle was thereby decreased on the Kansas City market on the 26th day of March, 1912, and to what extent? That is to say, what would be the difference between their market value at that time and place, delivered in the condition they were, and what it would have been, had they been handled with ordinary care, if you find they were not, and delivered within a reasonable

time, if you find they were not; and in this connection you are instructed that you may take into consideration the appearance of the cattle and their loss of flesh, if any, but not the difference in the market price of such cattle on said market, between what it was on the 25th of March, 1912, and what it was on the 26th of March, 1912, if there was any, as I shall reserve that issue for questions hereinafter asked."

"(6) Was the market value of said cattle less on the 26th of March, 1912, than it was on the 25th of March, 1912, and, if it was, then say what was the loss to plaintiffs, if any, because of such depreciation in the Kansas City market, if you find there was such."

The answers of the jury to these issues, and to further special issues requested by defendants, show clearly that they did not assess double damages.

[4] The sixth assignment of error insists that the court erred in permitting the witness Wall to answer the following question, because his answer called for and gave an opinion upon a mixed question of law and fact, and upon a matter which the jury was impaneled to decide: "Q. In the run made with these cattle, was it an ordinary run, or was it slow or fast? A. I called it a very slow run." If the question be held to be objectionable, the answer was not. G., H. & S. A. Ry. v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42. A witness may be allowed, although he is not an expert, to testify that a train was running fast or slow. G., H. & S. A. Ry. Co. v. Huebner, 42 S. W. 1021; G., H. & S. A. Ry. Co. v. Sullivan, 42 S. W. 568; G., C. & S. F. Ry. Co. v. Bell, 24 Tex. Civ. App. 579, 58 S. W. 614.

We find no error in the record requiring a reversal of the judgment, and it is therefore affirmed.