UNIVERSAL CREDIT CO. et al. v. RICHEY.

No. 4955.

Court of Civil Appeals of Texas. Amarillo.

Dec. 5, 1938.

Rehearing Denied Jan. 23, 1939.

S. L. Lewis, of Dallas, for plaintiffs in error.

Geo. S. Berry and L. A. Prichard, both of Lubbock, for defendant in error.

STOKES, Justice.

■■ This case originated in the court of a justice of the peace and was an action for conversion of an automobile. Plaintiffs in error, not being satisfied with the judgment rendered against them in the justice court, appealed the case to the county court where it was tried de novo without the intervention of a jury, and from an adverse judgment in the sum of $150 in that court, they have prosecuted a writ of error to this court. The statement of facts not being presented within the time provided by law, nor approved by the trial judge, the motion and request of plaintiffs in error to permit it to be filed in this court was overruled, hence the case is before us without a statement of facts. There are no bills of exception in the record, save only an exception of plaintiffs in error to the judgment as entered by the court. In the absence of a statement of facts and there being no findings of fact or conclusions of law filed by the trial court, we are confined in our consideration of the case to questions involving fundamental error shown upon the face of the record and of whether or not the plaintiffs' pleadings justified the judgment entered by the trial court. Glass v. Kottwitz, Tex.Civ. App., 297 S.W. 573; Duke v. Gilbreath, Tex.Civ.App., 10 S.W.2d 412.

■ The record discloses that the case is one of which the trial court had jurisdiction and an inspection of the record discloses no fundamental error of which we are required to take cognizance without an assignment of error. The only assignments of error which we are able to consider without reference to a statement of facts are the first and third assignments presented by plaintiffs in error.

By their first assignment they assert that the court erred in holding at one and the same time the hearing upon their pleas of privilege and the hearing upon the merits of the case. The third assignment asserts error of the court in overruling their general demurrer to the plaintiffs' cause of action.

■■ We cannot agree with plaintiffs in error in either of these contentions. It has many times been held by the courts that, there being nothing in Article 2008, R.C.S.1925, or any other statute of this state, which expressly requires the court to determine a plea of privilege in advance of the trial on the merits, the matter of the time and manner of hearing and determining the plea of privilege is within the sound discretion of the trial judge. If, in his opinion, it appears to be more convenient to hear the plea of privilege in connection with the trial of the case on its merits, such action is not erroneous, at least in the absence of a showing that the complaining party suffered injury thereby. Especially is this true where, as in this case, the facts would be practically the same on both hearings. Wichita Mill & Elevator Co. v. Simpson et al., Tex.Civ. App., 227 S.W. 352; Mercantile Bank & Trust Co. et al. v. Schuhart et al., Tex.Civ. App., 277 S.W. 1087; De Mars v. Montez, Tex.Civ.App., 277 S.W. 402; Smith v. Citizens' Nat. Bank, Tex.Civ.App., 246 S. W. 407; Griffin v. Linn, Tex.Civ.App., 3 S.W.2d 148.

■ Furthermore, the judgment recites that all parties announced ready for trial, waived a jury, and submitted the matters of fact, as well as those of law, to the court, and the record does not disclose any objection made by plaintiffs in error to the action of the court in trying and determining the matters raised by the pleas of privilege at the same time and in connection with the trial of the case upon its merits, nor is it revealed that any detriment or injury resulted to them thereby.

■ As to the action of the court in overruling the general demurrer, we are not prepared to say that the written pleadings filed by defendant in error were not entirely sufficient, in the absence of special exceptions, to state a cause of action and support the judgment rendered by the court. If, however, the written pleadings included in the transcript should not be sufficient in that regard, the case having originated in the justice court where oral pleadings are permitted, and having been tried de novo in the county court where the issues may be presented in a similar manner, it will be presumed upon appeal, in the absence of a positive showing to the contrary, that oral pleadings were presented upon the trial which were entirely sufficient to support the judgment rendered. Gulf, C. & S. F. Ry. Co. v. Funk, 42 Tex.Civ.App. 490, 92 S.W. 1032; Hart v. Wilson, Tex.Civ.App., 53 S.W.2d 1029.

We have considered all of the assignments of error presented by plaintiffs in error that have basis in the record before us, and, being of the opinion that none of them presents error, the judgment of the trial court is in all respects affirmed.