### F. G. EDMISTON v. W. H. EDWARDS.

If a *certiorari* be issued without bond, the proceeding would be illegal; but if there has been an effort to give bond, the court should allow the applicant to execute a sufficient bond. (Paschal's Dig., Art. 468, Note 331.)

ERROR from Houston. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The first bond for *certiorari* was not conditioned as the law requires, nor was it under seal. The plaintiff was allowed to execute a new bond, to which the defendant excepted.

*Taylor & Burnett*, for appellant, insisted that, as the original bond was void, the district court could acquire no jurisdiction, for which they cited Berry v. Martin, 6 Tex., 265.

No brief for appellee has been furnished to the *Reporter*.

LINDSAY, J.—The only error assigned in this case which requires the notice of this court, and upon which the appellant relies for a reversal, is the permission the court below gave the appellee to file a new bond after he had quashed

the bond executed for the obtention [obtaining?] of the writ of *certiorari* for insufficiency.

There can be no doubt that a writ of *certiorari*, issued without the execution of a bond at all, would be illegal, as the statute requires the execution of a bond as a prerequisite to the obtention [?] of the writ. But the execution of a bond, however defective it may be, is a technical compliance with the terms of the statute; and although it may be quashed for insufficiency, the court may, and should grant leave to the party to execute a good and sufficient bond; and if he does it in a reasonable time, (of which the court has the discretion in judgment,) so as to afford complete protection to the rights of the adverse party, the cause should proceed as if the bond had been originally good and sufficient. Such an exercise of the discretion of the court works no prejudice to the opposite party in the trial of the case upon its merits. In Berry v. Martin, 6 Tex., 265, it was determined that, when the bond was executed with only one surety, (the statute requiring two,) the defect might be cured in the district court. Such a bond with only one surety would be quashed upon motion for insufficiency. Yet the court might authorize the execution of another and a sufficient bond, and proceed with the case to trial.

We think the court did not err in granting the leave to make a new bond, and can discover no such error in the record as would warrant the disturbance of the judgment of the district court; and it is therefore

AFFIRMED.