ner as to be unaffected by the statute regulating foreign corporations.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 677.*]

Error from District Court, Taylor County; J. H. Calhoun, Judge.

Action by the Interstate Savings & Trust Company against John A. Pratt and others. Judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 122 S. W. 281.

T. M. Willis, Theodore Mack, and A. H. Kirby, for plaintiffs in error. King & Isaacs, for defendant in error.

SPEER, J. The following is the only assignment of error presented: "The suit being by a foreign corporation for the recovery of money loaned by it in Texas, as shown by the pleadings, and there being no allegations in said pleadings under which the fact could have been proven that plaintiff had a permit to do business in Texas at the time of the loan, plaintiff could not maintain a suit for the collection of said loan, and the court erred in rendering judgment for the plaintiff against the defendant." As may be inferred from this assignment, the defendant below has appealed from a judgment in favor of the plaintiff, a foreign corporation, in an action for debt and foreclosure, and the sole question presented is whether or not the petition is sufficient to support the judgment.

A reference to the case of Panhandle Telephone & Telegraph Co. v. Kellogg Switchboard & Supply Co., 132 S. W. 963, and the authorities there cited will show that the question here sought to be raised—that is, that the plaintiff, a foreign corporation, had not taken out a permit to do business in Texas—cannot be raised by demurrer, unless the petition shows affirmatively that the plaintiff is engaged in a business interdicted by law; that is, doing business in this state without having taken out a permit to do so. And a careful examination of defendant in error's petition in this case fails to disclose such a state of facts. But there is not even a demurrer urged in the present case; the sole reliance being upon the proposition contained in the above assignment. There is no statement of facts, and the petition is such that the plaintiff may have established its case in such manner as to be wholly unaffected by our statute regulating foreign corporations.

The judgment of the district court is affirmed.

HAYS v. HOUSEWRIGHT.

(Court of Civil Appeals of Texas.   Jan. 21, 1911.)

1. PRINCIPAL AND SURETY (§ 190*)—REMEDIES OF SURETY—PAYMENT OF NOTE—EFFECT.

A surety who pays a note upon which he and his principal are bound discharges it, and cannot enforce it against the principal, his recourse being upon the implied contract of reimbursement, and, in an action by him, a recovery of attorney's fees and extraordinary interest provided for in such a note is improper.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 190.*]

2. JURY (§ 28*)—RIGHT TO TRIAL BY JURY.

Where a defendant at a previous term demanded a trial by jury and paid the fee, it was improper at a subsequent term and in his and his attorney's absence for the court, upon a statement by the plaintiff's attorney that the defendant would waive a jury, to pass on the action himself.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 28.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by R. Housewright against C. D. Hays. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

J. D. Cottrell, for appellant.

RAINEY, C. J. Appellee sued to recover of appellant on two promissory notes, alleging indebtedness to be due him for paying off and discharging the two notes, which he had signed for appellant as surety. Appellant answered by general demurrer and general denial. A judgment was rendered for appellee, from which this appeal is taken.

On the day judgment was rendered neither appellant nor his counsel were present in court, there being some misunderstanding on their part as to the time said cause would be called for trial. Counsel for defendant, learning that judgment had been rendered against his client, within the proper time filed a motion for new trial, which was sworn to by the client, and in which a good defense was set forth and an excuse for the apparent negligence in not being present when the case was called for trial. The plaintiff sought to recover on two notes, bearing interest and attorney's fees in case of suit thereon, executed by appellant and appellee; the appellee claiming he was only surety and had paid same. At a previous term defendant had demanded a jury, and the fee was paid. When the case was called for trial, plaintiff's attorney announced ready for trial, and upon the court mentioning that the case was on the jury docket plaintiff's attorney stated that he would waive a jury, and that defendant's attorney would also waive a jury and the case proceeded to trial without a jury. The only evidence adduced on the trial was that of appellee and was to the effect that he was a surety only; that he had paid off the notes and appellant had never paid same. He did not state when he paid the notes, nor what amount he had paid to take them up; nor was there any testimony in relation to the payment, or a contract to pay attorney's fees other than the stipulation in the notes in regard thereto.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

The proceedings of the trial court were such that the judgment must be reversed and the cause remanded. No recovery was authorized in plaintiff's favor on the notes in suit, as his right, if any, to recover, was on an implied promise of appellee to pay such an amount as he was compelled to pay to discharge the notes.

The judgment is erroneous in awarding attorney's fees and interest at the rate of 10 per cent. on the amount of the note. No attorney's fees were recoverable on the amount paid, as there was no contract for the payment of attorney's fees in case of suit for the money paid in canceling the notes. The 10 per cent. interest named in the notes was not recoverable, only so much as he had to pay in discharging the notes, as appellant was only impliedly bound to pay legal interest on the amount paid by appellee. In Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528, the doctrine is announced that, when a surety pays off a note, he is not subrogated to a right of action on the note against the maker, but such payment extinguishes the note and his right of action is for the amount he paid, with legal interest thereon from the date he pays off and extinguishes the note. The right of action being upon an implied contract that the maker would reimburse the surety, it follows that no attorney's fees are recoverable, and only legal interest from the time the surety paid the debt is recoverable.

The court erred in not having a jury to pass upon the questions of fact involved, as the appellant was entitled to a jury trial under the law; he having complied with the provisions of law in this respect. Lacroix v. Evans, 1 White & W. Civ. Cas. Ct. App. § 749.

The judgment is reversed and the cause remanded.