### ARMSTRONG v. ANDERSON et al.
#### No. 2737.

Court of Civil Appeals of Texas. El Paso. Dec. 9, 1932.

Rehearing Denied Dec. 29, 1932.

O. R. Armstrong and Fryer & Cunningham, all of El Paso, for appellant.

R. F. Burges and Walter S. Howe, both of El Paso, for appellees.

## WALTHALL, J.

Appellee Grace Marr Anderson, on October 20, 1931, filed in the probate court of El Paso county, Tex., in cause No. 5250, in probate, her petition complaining of appellant, and alleging that on February 20, 1928, she filed in said court petition to probate the last will of W. K. Marr, who had died February 14, 1928, and alleging that on the 6th day of March, 1928, such will was admitted to probate. That by the terms of said will, petitioner was made sole devisee and appointed independent executrix without bond; that on March 6, 1928, she qualified as independent executrix and received letters testamentary, and in due course returned an inventory and appraisement which was by the court approved.

She alleges that about six weeks after the issuance to her of letters testamentary appellant, O. R. Armstrong, who had filed her petition and was representing her as her attorney, advised her that, by reason of the fact that two of the children born to her and the said W. K. Marr were born subsequent to the execution of the will of W. K. Marr, under the laws of Texas, the provisions of said will were suspended, and that she could not act as independent executrix, but that an administrator would have to be appointed for the estate. She alleged that there was another child born of her marriage to W. K. Marr, who was born years before the will was executed, who was living at the time of the death of W. K. Marr, and is now living.

She alleged that she was ignorant of the law, and had no other legal advice except that of her attorney, that she relied upon his advice, and that her said attorney, appellant herein, filed in the Probate Court a petition alleging that, by reason of the birth of said last two named children, "the provisions of said will would be temporarily suspended, and the provisions thereof constituting the said Grace K. Marr Independent Executrix would be suspended, according to the laws of Texas." Said petition asked that the letters testamentary theretofore issued be withdrawn, and that letters of administration issue to her.

This appellee alleged in said first-described petition that she acted as administratrix with the will annexed, under the advice of counsel, the appellant herein, until about April 9, 1930, when, acting through her said counsel, and upon his advice, she filed her petition to resign as administratrix of said estate, accompanying such application with an exhibit of the condition of the estate and the administration account, that acting solely upon the advice of her said counsel, the appellant herein, she suggested his appointment to succeed her as administrator with the will annexed, and that he was so appointed and qualified.

She alleged that in the exhibit of the condition of the estate, and administration account, which accompanied her petition to resign as administratrix, and which was prepared by her said counsel, the amount of fees was left blank, and the amount which was to be paid to her attorney as attorney's fees was left blank, and that she was advised by her attorney that these amounts would be filled in by the court, and that she had nothing to do with allowing or fixing the attorney's fees or commissions.

She alleged that the commissions, when filled in, showed an amount grossly in excess of the fees that were legally allowable in said estate, and that the amount filled in as an attorney's fee was grossly excessive, and that she was wholly ignorant of the amount of either the commissions allowed or the attorney's fees approved by the court until more than one year later, when she received a letter from her said attorney, then acting as administrator with the will annexed, and a copy of his first annual report, in which, for the first time, she was advised of the commissions that had been allowed, and the attorney's fees

which had been approved. She set forth specifically numerous items upon which the commissions had been allowed, aggregating several thousand dollars, which were not legally allowable against said estate.

She further alleged that, at the solicitation of her said attorney, appellant herein, she executed an assignment to him of one-half of the fees or commissions to be allowed her as administratrix, which assignment was to compensate him for legal services rendered to her for representing her in other legal matters than those connected with the estate.

She alleged that she had never resigned as independent executrix of said estate, but was advised that her powers as such independent executrix were suspended by law, pending which suspension, administration was necessary, and acted upon that belief, as shown by the papers filed in the probate court; that the substitution of such administration, in lieu of the executorship, had been detrimental to the estate, and necessitated greatly increased costs, including attorney's fees, which would have been wholly unnecessary except for such substitution; that she was not advised of her legal rights to continue as independent executrix, nor of her right to pass upon the amount of attorney's fees she would allow, nor was she advised of the illegality of a large portion of the commissions charged against the estate, until less than thirty days before the filing of her petition in the probate court, in which she asked for the removal of appellant as administrator, and her reinstatement as independent executrix, and in which she asked the court to reconsider and reaudit the attorney's fees and commissions.

Appellant, defendant below, answered in the probate court with a plea in abatement, plea of limitations, general and special exceptions, and further answered reciting the original appointment of appellee herein as independent executrix, and her subsequent suspension as such, and appointment as administratrix, alleging that, at the time he caused that to be done, he was of the opinion that the law of the state of Texas suspended temporarily her appointment as independent executrix. He alleged that appellee was correctly advised by him at all times, that she acquiesced in the several steps taken by him with relation to the estate, and was cognizant of the amount of commissions and attorney's fees, and alleged that the amounts of both were legal and reasonable.

On November 16, 1931, the probate court entered its order removing appellant, Otto R. Armstrong, from the position of administrator with the will annexed, and ordered him to file to the January term of the court, 1932, a true, full, and complete exhibit of the condition of the estate, together with the administration account thereof, properly verified, as required by law, and directed the clerk to reissue letters testamentary to this appellee, to which order and judgment appellant herein excepted and gave notice of appeal to the district court of El Paso county, Tex., for the Forty-First judicial district.

The cause coming on for hearing before the district court in February, 1932, the defendant, appellant here, filed his first amended original answer, setting up, for the first time, that the petitioner, appellee here, was a married woman and without the legal capacity to sue without the joinder of her husband; pleading in bar the orders of the probate court accepting the resignation of petitioner as administratrix, and approving her final account and appointing Otto R. Armstrong administrator with the will annexed. He further pleaded limitation, filed a general demurrer and special demurrers and general denial, and answered in detail, seeking to justify his actions as attorney for petitioner and as administrator and asserting the correctness of the commissions and attorney's fees allowed. The plea in bar, plea of limitations, general and special exceptions were overruled.

Appellee's husband, Rembert C. Anderson, appeared in the district court and requested permission of the court that he be allowed to become a party plaintiff, pro forma, adopting all the allegations in the plaintiff's petition contained, and the court granted such leave. Appellant filed a plea to the jurisdiction, on the ground that service upon him was not had upon the application of Rembert C. Anderson to become a party plaintiff pro forma, which plea was overruled, and appellant, defendant below, excepted.

On the 4th day of March, 1932, the district court rendered judgment decreeing that appellant, Otto R. Armstrong, be removed from the position of administrator with the will annexed, for the reason that he had misapplied funds belonging to the estate, coming into his hands as such administrator, and ordering a copy of said judgment transmitted to the probate court for the observation of said court, such "judgment to be without prejudice to any person interested to present matters not herein adjudicated to the Probate Court on the final account of the administrator." Defendant, appellant here, excepted and gave notice of appeal to this court, and in due time filed his appeal bond, assignments of error, and bills of exception. The court filed its findings of fact and conclusions of law, set forth in full in transcript, pages 33 to 38, and in reply to request of defendant, appellant here, for additional findings of fact, the court filed additional findings of fact, as set forth in transcript, page 41.

### Opinion.

Mrs. Grace Marr Anderson's husband did not originally join her in her suit, and no allegation is made as to his failure or neglect to do so. The question of the husband's nonjoinder seems not to have been raised in the

county probate court, and when raised for the first time in the district court, the husband requested permission of the court to make himself a party pro forma, and adopted the pleadings of his wife, which the court granted.

Appellant submits error in not dismissing the suit brought by a married woman without joinder of her husband; the contention being that under article 1983 of the Revised Civil Statutes it is only where the husband fails or refuses to sue can the wife sue alone, and that by authority of the court.

■ Without restating the character of the proceeding brought, we have concluded, without discussing the question presented, that, the trial in the district court being a trial de novo, and in which new parties may be made, and the husband having been made a party with the wife, and as such filed his pleading by permission of the court, no reversible error, if error, is shown. Smith et al. v. Mann (Tex. Civ. App.) 296 S. W. 613; Elwell et al. v. Universalist General Convention, 76 Tex. 514, 13 S. W. 552.

■ No citation was issued and served on appellant when Mr. Anderson became a party in the suit; appellant filed a plea to the jurisdiction of the court because of want of service. The court overruled the plea, to which appellant submits error.

Additional parties, necessary or proper parties to a suit, may be brought in by either party under article 1992, Revised Civil Statutes, upon such terms as the court may prescribe, "but not at a time nor in a manner so as to unreasonably delay the trial of the case." The record does not show that any terms were requested or were prescribed by the court as to costs or otherwise, nor is it suggested that the admission of the new party caused any delay of the trial of the case. As stated, the additional party simply as a party pro forma adopted the pleading of the plaintiff, to which pleading no additional answer was filed or issue joined. Appellant at that time was already before the court on all issues pending on citation and answer. There is no suggestion of any defense of which appellant was deprived by the joinder of the additional party plaintiff. We think no error is shown.

■ There is no merit in appellant's fourth assignment suggesting that, by reason of the fact that appellee Grace Marr Anderson is a married woman and living with her husband in California, she has not the legal capacity to bring this suit, not being an interested party.

We understand the suggestion as to want of interest is predicated upon that portion of the answer in which it is set forth that by a writing she transferred and assigned to the State National Bank of El Paso and appellant, in trust, all her right, title, and interest

in the estate of W. K. Marr. It appears, however, in said instrument she reserved to herself the right to the proceeds and income of such trust estate during her natural life, with the right to dispose of it by will. It is further made to appear that she was a creditor of said estate to a large extent for money loaned. Without discussing them severally under this assignment, her suit here has more than one purpose, any one of which would, we think, give her a standing in the courts to assert it.

The sixth assignment in effect suggests that appellee's petition is subject to a general demurrer and special exceptions, and submits error to the court's holding that the petition stated a cause of action. The petition is too lengthy to state it here; we have briefly stated its general nature above. It is sufficient, we think, in its statements of facts upon which evidence could be heard as to the matters there complained of and upon which evidence was submitted and from which the trial court made the several findings of fact.

We need not here state but refer to the several findings of fact made by the trial court. The petition is sufficient to tender the several issues upon which findings are made.

Error is assigned to the overruling of appellant's plea in bar in which appellant pleaded, in substance, that, on April 9, 1930, appellee Mrs. Grace Marr Anderson had resigned as administratrix of the estate along with her waiver of appointment and designation of the appointment of appellant as administrator, and the action of the probate court thereon, and the subsequent proceedings of said court in the matter of the administration of said estate, by reason of which appellant pleaded that appellee was barred to now assert her alleged cause or causes of action. The action of the court in overruling said plea shows no error. The action of the court on said plea, as we understand it, calls in question the ruling of the court on several special exceptions, some of which have elsewhere been considered.

We will pass briefly upon the exceptions rather than discuss them.

Exception (a) is addressed to the appellee's original petition. The allegations state wherein the application to substitute an administration in place of the powers of the independent executrix were injurious to the estate, resulting in delays and increase of costs. The allegations seem proper to show the alleged action of appellant, as administrator of said estate, to lay the predicate for his removal as administrator, and the reissuance to appellee of letters testamentary as ordered by the probate court, and which appellee insists should have been done by the district court.

Exception (b). The proceedings had are direct, legal rather than equitable, a proper statutory proceeding in probate, as we view it, to remove an administrator and to correct certain orders in the administration of an estate alleged to have been improperly made.

Exception (c). Elsewhere considered.

Exception (d). Statute does not require verification of the petition.

Exceptions (f) and (g). We fail to see, under the evidence, the application of the equitable rule of laches or limitation or estoppel.

■ Exception (h) questions the sufficiency of the petition as showing any statutory ground for removal of appellant as administrator of the estate. Article 3467 of the Rev. Civ. Statutes states the grounds for removal of an executor or administrator of an estate on the complaint to the county judge by any person interested in the estate; one of the grounds being "when it is proved that he has been guilty of gross neglect, or mismanagement in the performance of his duties as such executor or administrator." To show mismanagement and upon which the court heard evidence and made findings, appellees allege, among other things, "defendant has further mismanaged the affairs of the estate in that he has charged and collected, deducted and withheld from the estate large sums of money which he was not entitled to deduct or withhold as such administrator." The court in the judgment recites: "And the court having heard the cause and the evidence submitted therein, doth find that the appellant, Otto R. Armstrong, administrator with the will annexed of the estate of W. K. Marr, deceased, has misapplied funds belonging to said estate, coming into his hands as such administrator, and should therefore be removed from his position as such administrator."

Immediately following the above, the judgment recites: "It is therefore ordered, adjudged and decreed"—then follows the order removing appellant as administrator, showing, as it appears, that the removal was based upon the above-recited finding in the judgment. The court made a detailed statement of the finding, which we need not copy here, as the statement of the finding in the judgment, which is not itemized, seems, as intended, to be a sum-up of what is elsewhere stated in detail.

There was no error in overruling special exception (i) on the ground that the petition does not show that appellee was free from negligence.

Error is assigned to the admission of evidence on the ground that same was immaterial, irrelevant, hearsay, and argumentative, called for the conclusion of the witness, and tended to impeach the judgment and records of the probate court by parol testimony. The evidence is lengthy, and we see no reason to copy it here. We have read it in the light of the objections made. The evidence in the main refers to conversations between the witness Mrs. Anderson and appellant, and advice given her by appellant as her attorney, while she was acting in the matters of the W. K. Marr estate as independent executrix under the will, and advice given her by appellant as a reason for resigning as executrix, and accepting appointment as administratrix of the estate, and as to advice given her as a reason why she resigned as administratrix, and the circumstance under which appellant was appointed administrator, and matters between her and appellant as to fees in the matter of the administration of the estate. Appellee was asking that appellant be removed as administrator and that she be reinstated as independent executrix. We have concluded that the evidence was admissible.

By assignment 17, appellant submits there was no competent evidence to show any negligence or mismanagement by reason of any misapplication of any part of the estate as a ground for his removal as administrator.

The court found that appellant had misapplied a part of the estate coming into his hands as administrator. It would serve no useful purpose to quote from the record the evidence considered by the court in determining the issue of misapplication of funds of the estate coming into appellant's hands as administrator. The evidence is extensive, and consists of parol and record evidence.

In the order approving the exhibit and account of appellee on her resignation as administratrix, the court ordered that her exhibit and account be approved, and directed that she deliver the estate remaining in her possession to appellant; "and, further, the court approves the fixing of the administratrix' fees at the sum of $4,606.00, and the administratrix' claim for expenses of attorney's fees rendered her in the estate by O. R. Armstrong, heretofore at the sum of $4,500.00."

On a conflict in the evidence as to whether Mrs. Anderson ever approved Mr. Armstrong's claim of $4,500 as attorney's fee, the trial court found that she never had approved his claim. The evidence is sufficient to sustain the court's finding. While the order of the county court approving the final account of the administratrix and fixed her claim for expenses, including her expenses of attorney's fees, rendered in said estate at $4,500, the trial court found that the administratrix had never paid said sum to Mr. Armstrong, that Mr. Armstrong had never presented his claim for attorney's fees duly verified to the administratrix for allowance, nor did he ever verify his claim for attorney's fees and file it as a claim against the estate. Without quoting the evidence or the

record, the above facts were found by the court and uncontroverted except that Mr. Armstrong testified that the administratrix approved his claim for attorney's fees.

The record shows and the trial court found that Mr. Armstrong succeeded Mrs. Anderson as administrator of the estate, and that during the course of his administration he has taken from the funds of the estate coming into his hands as administrator the said sum of $4,500 claimed by him as attorney's fees under the allowance as stated. The court further found that appellant paid to himself from the funds of the estate coming into his hands as administrator the sum of $2,905.83; that such payment was made under the claimed assignment to him by appellee of an undivided one-half interest in commissions due appellee. The trial court found that appellant has not accounted to appellee for any part of said sum of $2,905.83, nor did appellant verify his claim to said sum and file it as a claim against said estate. Without quoting from the record, the findings are supported by the evidence. We understand from appellant's testimony in the record, and we state it in justice to him, that, in preparing the final report of appellee in which the attorney's fee was allowed, he put in pencil the amount of the fee to be allowed him, to which he testified appellee agreed, and that the county court, with such tentative amount in pencil, agreed, and so approved the report, and that subsequently appellant erased the amount in pencil and the same amount was written in on the typewriter before the paper was filed. Appellee denied that any amount as attorney's fee was stated in pencil, but that she was advised by appellant that she would have no voice in fixing the attorney's fee, and that she at no time agreed to the sum stated as attorney's fee.

Appellant's contention, as we understand it, is that appellee agreed to the attorney's fee, that the amount retained by him was done as appellee's attorney and not as administrator, and that, the fee having been allowed by the county court and entered in the judgment approving the account, same cannot be questioned in this proceeding. We do not concur in that contention.

We think the record is not such as to make applicable the principle announced in Hurley v. Barnard. 48 Tex. 83.

The trial court found that the attorney's services were of benefit to the estate and efficient and valuable, but made no finding as to their value.

■ Appellant, by several assignments, in effect, submits that under the trial court's findings neither negligence nor mismanagement by a misapplication of the funds of the estate by appellant is shown.

The record clearly shows under the trial court's findings that the allowance of the at-torney's fee by the probate court was made under a misapprehension of the facts, as to the approval of the fee by Mrs. Anderson; also that the probate court, in allowing the attorney's fee in the final account of Mrs. Anderson as administratrix, adjudicated the question of the necessity of the legal services and the reasonableness of the attorney's fee at a time when such fee had not been paid; and the record shows that such fee has at no time been paid or properly allowed. It has been improperly withdrawn from the estate by appellant. The attorney's fees under the statute, articles 3691 and 3692, are expenses of administration and provide for the manner of payment. The Eastland court fully discusses that question in Morton's Estate v. Ferguson (Tex. Civ. App.) 45 S.W.(2d) 419, and hold that the probate court cannot adjudicate the questions of necessity of legal services and reasonableness of fees in application for attorney's fees made before payment of fees by representative of estate. The statute is explicit in its provisions. The vulnerable heel in appellant's suggestion that the facts do not show negligence or misapplication of the funds of the estate seems to us to lie in the fact that he, as attorney for the administratrix, prepared her final report and at a time when, as the order of the court shows, he had then qualified to, and did immediately thereafter, succeed her as administrator in the management of the estate, and without complying with the statute withdrew said amounts from the funds of said estate.

True, administrators are properly allowed as expense charge all reasonable attorney's fees, but, under the statutes and decisions of the courts, to make such charge allowable and payable out of the funds of the estate, the requirements of the statutes must be complied with. Texas Jurisprudence, vol. 14, par. 570.

■ In concluding this part of the case without applying it specifically to any one of appellant's assignments, we might say there are two methods under our statutes by which a claim for allowance of attorney's fee may be allowed. One is by allowance of a fee directly to the attorney; in such instance his claim must be verified, docketed, allowed by the administrator, and approved by the court. When that method is pursued, the approval of the court of such claim has the effect of a final statutory judgment. The other method is where the administrator may employ an attorney, and as an expense of administration present such claim for reimbursement, and, when allowed, the allowance is not to the attorney, but to the administrator. Rev. Civ. Statutes 1925, art. 3691; Rowe v. Dyess, et al. (Tex. Com. App.) 213 S. W. 234.

■ While the statute does not define the terms "misapplied" or "mismanaged" as used in article 3467, as grounds for removal of an administrator, we have concluded that the

findings of the court as disclosed by the record, without complying with the statute, are a misapplication and a mismanagement of the property of the estate.

Appellee Mrs. Grace Marr Anderson alleged that by the will of W. K. Marr she was duly appointed independent executrix of said estate; that the will was duly admitted to probate and letters testamentary issued to her; such executorship has not been suspended, nor has she ever resigned such executorship, nor has she refused to execute and perform her powers and duties as such; and that she is now ready, able, and willing to proceed with her duties as independent executrix under the will; and prayed that letters testamentary be reissued to her authorizing her to proceed with the administration of said estate.

The trial court found that on the 19th day of April, 1928, under the advice of her attorney, Otto R. Armstrong, appellee presented an application to the probate court to be appointed administratrix with the will annexed of the estate of W. K. Marr, deceased. The application recited, in substance, that the birth of the children subsequent to the making of the will suspended its operation. Her application was granted, and the court on May 8, 1928, entered its order revoking her letters as independent executrix, and appointed her administratrix. She qualified as administratrix and proceeded as such under the direction of the probate court. Subsequently she resigned, and appellant, Armstrong, was appointed administrator of the estate.

On the findings, the trial court concluded as matter of law that "The action taken by Mrs. Marr in the Probate Court narrated in the findings of fact, although taken under a mistake as to the law, was tantamount to her resignation as independent executrix under the will," and refused to reinstate or reappoint her as independent executrix.

Appellee Mrs. Anderson assigns such refusal of the court as error. Appellee's contention seems to be that the probate records do not disclose any resignation of appellee as independent executorship, nor any desire nor intent on her part to do so; that the probate records disclose an erroneous belief that the after the will born children operated as a suspension, not a revocation, of the provisions of the will appointing her independent executrix.

Conceding that the probate court was in error in acting upon an erroneous belief as suggested, and that appellee's rights as independent executrix were not suspended as erroneously supposed, and we think her right to act as independent executrix was not affected by the birth of the children after the making of the will, the question is presented: Did Mrs. Anderson, by asking the court to appoint her administratrix, and subsequently resign as such and apply for and have Mr. Armstrong appointed administrator, have the legal effect to bring her right to serve as independent executrix before the court for consideration and action and to waive such right for reappointment? Her right to such appointment may be waived by conduct as well as by declaration. Texas Jurisprudence, vol. 13, p. 665, par. 80, and cases used.

Conceding that appellee had waived, if not in words resigned, her right to have the court appoint her as independent executrix, and we think she had so waived, two questions seem to be presented: Did her right to such reappointment terminate, and did the power of the court to make such reappointment terminate, when the court had acted upon her waiver, had approved her report as independent executrix, had thereafter appointed administrators of the estate, and had for some time managed the estate under a judicial administration?

We have concluded that the action taken by Mrs. Anderson in requesting her appointment and subsequently in requesting the appointment of Mr. Armstrong, as administrator of the estate, was a waiver, a surrender of her right, or refusal to further so act as independent executor of the estate, and the court, having acted upon her request in the administration of said estate, the estate was thereby left without an executor, and the court necessarily was left without power to further administer the estate by an independent administration.

The trust confided by the testator in the trustee named in the will is a special trust, and, if that person should fail to accept and exercise the trust, it is at an end; and, as in any other case, where there is a will without an executor, the county court must appoint an administrator with the will annexed. Langley v. Harris, 23 Tex. 564, 567; In re Estate of Grant, 93 Tex. 68, 73, 53 S. W. 372; Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367.

We have concluded, under the record before us, the court was not in error in refusing to reappoint appellee as independent executrix.

Finding no reversible error, the case is affirmed.