## ARMSTRONG v. ANDERSON et al.

### No. 2976.

Court of Civil Appeals of Texas. El Paso. April 12, 1934.

Rehearing Denied May 10, 1934.

See, also, 55 S.W.(2d) 235.

Leo Jaffe, of El Paso, for appellant.

Richard F. Burges and Walter S. Howe, both of El Paso, for appellees.

PELPHREY, Chief Justice.

William K. Marr, the husband of appellee, died in El Paso county on February 14, 1928. He left a will in which Mrs. Anderson (then Mrs. Marr) was designated as independent executrix of his estate. Appellee employed appellant and placed in his hands the probating of the will and the management and handling of all her personal affairs and business, as well as the business and legal matters to be handled for her as representative of the Marr estate. No agreement was had as to the amount of fees appellant was to receive.

After the will was probated, appellee qualified as executrix and served until the 8th day of May, 1928, when she, acting upon the advice of appellant that the operation of the will had been suspended by the birth of two children after its execution and especially that portion naming her as executrix, applied to the probate court to be appointed as administratrix. She continued as administratrix throughout the remainder of the year, 1928, through 1929, and until May 13, 1930, when she resigned.

In her final account which accompanied her application to resign, there appeared the following:

"The above and foregoing shows that Administratrix has received the sum of $80,-836.57 and has paid out the sum of $34,276.33 under the law, she is entitled to claim as her fees, the sum of $5,811.67.

"The Administratrix heretofore employed O. R. Armstrong, attorney at law, of El Paso, Texas, to probate the will and take out the administration, and he has handled all the legal work in connection with said estate from the beginning up to and including the filing and approval of this report, and administratrix alleges that it was necessary to employ such attorney, and said attorney performed said services, as shown by the Court papers herein and conferences in which said attorney advised your administratrix in connection with the matters pertaining to the estate, and your Administratrix believes that a reasonable fee for such services so performed by said attorney for the benefit of the estate would be, and your administratrix has allowed a fee of $4,500.00. * * *

"Your Administratrix further represents and states to the court that she believes it will be necessary to continue the administration of said estate for the reason that there are debts unpaid, and she desires to waive her rights to appointment as Administratrix and to nominate and suggest to the court that O. R. Armstrong of El Paso, Texas, be appointed Administrator with the Will annexed of this estate, upon the acceptance of the resignation of your Administratrix."

In approving the final account, the probate court entered this order: "And further the court approves the fixing of the Administratrix's fees at the sum of $4,606.00, and the administratrix's claim for expenses of attorney's fees rendered her in the estate by O. R. Armstrong heretofore at the sum of $4,500.00."

Appellee's resignation was accepted on May 13th, and on the following day appellant qualified as administrator of the estate. During the same month appellee, then Mrs. Marr, married Rembert C. Anderson, and moved to California. Appellant filed his first annual account on June 6, 1931, and it was approved by the probate court July 14, 1931. It was shown in this account that the $4,500 attorney's fees had all been paid except $435.83, and that all except $1,406.68 had been paid on appellee's fees as administratrix.

October 20, 1931, appellee filed in the county court a suit against appellant in which she alleged that the sum of $5,811.67 allowed her as fees was excessive, and that the $4,-500 allowed as attorney's fees was also gross-ly excessive. She alleged that she was wholly ignorant that such amounts had been claimed until a year after their allowance, when she received a letter from appellant and a copy of his first annual report. She then specified certain items included in her final account which she alleged were erroneously allowed because they did not represent either cash received or paid out. She prayed for the removal of appellant and her reinstatement as independent executrix and a reconsideration and reauditing of the attorney's fees and the administratrix's fees. Further, she asked a reauditing and reconsideration of commissions claimed by appellant; and that he be made to pay into the estate moneys withheld.

Appellant answered by plea in abatement, general and special exceptions, and general and special denials. Upon hearing, the probate court removed appellant; ordered him to file a complete accounting of his administratorship, and directed the county clerk to reissue letters testamentary to appellee. An appeal was taken to the district court where a judgment was rendered March 4, 1932, removing appellant. An appeal was perfected to this court, and the district court's action in removing appellant was affirmed, and this court held that the trial court correctly refused to reappoint appellee. Armstrong v. Anderson, 55 S.W. (2d) 235. A writ of error to the Supreme Court was dismissed for want of jurisdiction.

While the cause was pending in this court, appellee, joined by her husband, filed her petition for a writ of certiorari to the Forty-First district court.

In her petition she set out her resignation as administratrix; that at the time she signed her final account the amount of attorney's fees and administratrix's fees had been left blank upon the representation of appellant that such amounts would be determined and allowed by the court; that the court had erroneously allowed her certain fees (enumerating them); that the court had also erred in certain allowances made to appellant upon his first annual account; that the erroneous allowances so made to her, as administratrix, and to appellant, were prejudicial to her as an heir at law and sole beneficiary of the estate and as a creditor thereof; that her time for appeal had expired and that the estate was still being administered. She prayed for a reauditing of her account as administratrix and of appellant's account as administrator. The writ was ordered issued upon appellee making bond. Appellant in answer filed a plea in abatement, a plea in bar,

general demurrer, special exceptions, plea of limitations, and general denial.

Upon a trial before the court, judgment was rendered that the final account of Mrs. Anderson, as administratrix, be amended and reaudited; that certain items had been improperly allowed her, that she be allowed the sum of $3,209.97, and that the $4,500 allowed as attorney's fees in said final account be disallowed and stricken from the account.

This appeal has been perfected from said judgment.

### Opinion.

[■] The judgment which the district court rendered March 4, 1932, contained the following provision: "Further this judgment to be without prejudice to any person interested to present matters not herein adjudicated to the Probate Court on the final account of the Administrator."

By virtue of this provision, the trial court concluded that the judgment in that case was not res judicata as to the matters sought to be litigated here.

Appellant's first two assignments attack the trial court's action in overruling his plea of res judicata and his holding that the above provision excluded from the judgment rendered March 4, 1932, the restating and reauditing of the final account of appellee and the first annual account of appellant, these being the matters here involved.

In reply, appellees contend that the above provision excluded the reauditing of the final account of appellee and of the first annual account of appellant from the matters adjudicated in the first suit, and that, the trial court having found that the action of appellee in the probate court was tantamount to her resignation as independent executrix of the will, there remained no authority in the trial court to restate or audit her final account as administratrix.

As argued by appellant, there was a joinder of four causes of action in the first suit, viz., the removal of appellant as administrator, the reissuance of letters testamentary to appellee, the revision and restatement of her final account as administratrix, and the revision and restatement of his first annual account.

The court granted the first relief prayed for, made no definite pronouncement as to reissuing the letters testamentary, and did not dispose in any way of the prayers for revision and restatement of the accounts.

The court, in entering the "without prejudice" provision, evidently had in mind the exclusion of some of the questions presented by the pleadings and evidence. It was not the first one, because that was disposed of. It was not the matter of the reissuance of the letters testamentary to appellee for two reasons: (1) Because the court concluded from the facts found that her actions in the probate court were tantamount to her resignation, and (2) because the reissuance of letters to her was a matter which could not have been disposed of upon a hearing on the final account of the administrator.

It therefore seems apparent that the last two matters, being matters which could properly be presented upon a hearing on the administrator's final account, were the matters to which the court referred. The assignments are therefore overruled.

[■] Assignments 3 to 17 all relate to the trial court's action in refusing to allow the $4,500 item for attorney's fees. Appellee, in her petition for certiorari, alleged:

"Plaintiff respectfully shows to the court that at the time said application to resign as administratrix, with the will annexed, with said verified exhibit of said estate and administration account were presented to plaintiff for her signature and verification, that there were no figures therein or thereon showing any sum of money to be allowed as attorney's fees to the said O. R. Armstrong, and no figures therein showing the amount of fees or any amount of fees which the court was requested to allow, but that the defendant, Otto R. Armstrong, informed plaintiff that the amount of such fees or commissions, and the amount of attorney's fees to be paid to himself would be fixed; determined and allowed by the court, and that his plaintiff had nothing to do with the allowance or fixing thereof. That in fact plaintiff never asked the court for an allowance of any sums in commissions or fees, for the reasons above stated.

"That it further appears from said first annual report of the defendant Otto R. Armstrong, and the accounts and exhibits thereto attached, that said Administrator claimed and the Court allowed and approved the payment of a commission of 5% on the sum of $4,064.17, shown in said report to have been appropriated by said administrator out of the funds of said estate in payment of his alleged claim for attorney's fees for services rendered to plaintiff, as administratrix for said estate, but plaintiff respectfully shows to the court that she never at any time agreed to pay to defendant said sum of the sum of $4,500.00 as claimed by defendant as attor-

ney's fees; that no claim for attorney's fees was ever presented to plaintiff, as Administratrix of said estate, and no claim has ever been presented for attorney's fees against said estate, nor entered on the Claim Docket, as required by law, and no such claim has ever been approved by plaintiff, either when she was acting as such Administratrix, or since, and plaintiff says the Court erred in approving said annual account, showing the application of said sum of $4,064.17 of the funds of said estate to the payment of defendant on his claim for attorney's fees, for the reason that no such claim has ever been verified, presented or filed by the defendant and that the court was wholly without authority to authorize such a payment, in the absence of a verified claim therefor, and was without authority to approve said account, showing the application of the funds of said estate to such payment, under the facts and circumstances above stated, and that the allowing of 5% commission thereon was without warrant or authority under law."

The above pleadings, we think, sufficiently complain of error on the part of the probate court in fixing the attorney's fees, and gave the court jurisdiction to pass upon the correctness of that action of said court. It was not necessary to attack the excessiveness or the unreasonableness of the fee allowed where the contention is made that the allowance was made without any authority.

It also appears from the undisputed evidence that appellant filed no claim either with the probate court or with appellee; that appellee never paid, or agreed to pay, him any stipulated amount for his services; and, in fact, made no request of the probate court to allow a fee. It follows, we think, that under such facts, the court was, as held by the trial court, absolutely without authority to allow any fee. Gammage v. Rather, 46 Tex. 105; Morton's Estate v. Ferguson (Tex. Civ. App.) 45 S.W.(2d) 419; Armstrong v. Anderson (Tex. Civ. App.) 55 S.W.(2d) 235.

The fact that there is neither pleadings nor proof that there existed no necessity for appellant's services does not affect the question.

We have examined the several assignments relative to the refusal of the trial court to allow certain of the commissions which were allowed by the probate court. We shall not attempt to discuss them in detail here, but the matters excluded were, in our opinion, properly excluded.

█ The trial court ordered the issuance of the writ of certiorari upon the execution of a bond in the sum of $600 by appellees. Bond was executed, but in the sum of $500 instead of $600. Appellant now asserts that the $500 bond was insufficient to confer jurisdiction on the district court. This contention is unsound. Where an effort is made, as here, to give bond, the court will allow the applicant to execute a sufficient one. Berry v. Martin, 6 Tex. 264; Edmiston v. Edwards, 31 Tex. 172.

The remaining questions were decided against appellant on the former appeal. Armstrong v. Anderson, supra.

Finding no reversible error, the judgment will be affirmed.

#### On Motion for Rehearing.

Appellant in his motion for rehearing has complained that we failed to explicitly pass upon his assignments of error Nos. 27, 28, and 29, raising the question of the jurisdiction of the trial court to grant appellees' application for certiorari.

The complaint is justified, as our general statement that the remaining assignments were disposed of on the former appeal would not include the question raised by them.

However, we find no merit in the contentions presented by the assignments, and are of the opinion that they should be overruled.

The remaining questions presented in the motion call for no discussion, and it is therefore overruled without further comment.