## ARMSTRONG v. ANDERSON.
### No. 3070.

Court of Civil Appeals of Texas. El Paso.
Oct. 18, 1934.

Rehearing Denied Nov. 15, 1934.

Leo Jaffe, of El Paso, for appellant.

Richard F. Burges and W. S. Howe, both of El Paso, for appellee.

PELPHREY, Chief Justice.

William K. Marr died in El Paso, Tex., on February 14, 1928. He left a will in which appellee was named independent executrix. She employed appellant as her attorney and placed in his hands the probating of the will and the management and handling of all her personal affairs and business, as well as the business and legal matters to be handled for

her as representative of the estate. Appellee qualified as executrix and served as such until May 8, 1928, when she, acting upon the advice of appellant that the operation of the will had been suspended by the birth of two children after its execution, applied to the probate court to be appointed administratrix of the estate. Her application was granted, and she served in that capacity until May 13, 1930, when she resigned. Upon her resignation being accepted, appellant was appointed administrator of the estate.

October 20, 1931, appellee individually brought a suit in the county court against appellant, alleging that the sum of $5,811.67 theretofore allowed her on the approval of her final report was excessive, and that the $4,500 allowed as attorney's fees was also grossly excessive. She further alleged that she was wholly ignorant that such amounts had been claimed for her until a year after they had been allowed. She prayed for the removal of appellant as administrator and her own reinstatement as independent executrix and for a reconsideration of the administratrix' fees, attorney's fees, and the commissions claimed by appellant.

Upon a hearing the probate court removed appellant as administrator, ordered him to file a complete account of his administratorship, and directed the county clerk to issue letters testamentary to appellee. An appeal was taken to the district court, and a judgment was there rendered removing appellant. Appeal was perfected to this court, and the judgment of removal was affirmed as well as the court's action in refusing to reinstate appellee as independent executrix. While that cause was here pending, appellee, joined by her present husband, filed her petition for certiorari to the Forty-First district court. Her allegations, as well as the pleadings of appellant, are set forth on pages 802 and 803 of 70 S.W.(2d).

Judgment was rendered in said district court that appellee's final account be amended, that the allowance to her of commissions be reduced to $3,209.97, and that the $4,500 allowed as attorney's fees in said final account be disallowed and stricken from the account. Upon appeal said judgment was affirmed. 70 S.W.(2d) 801. Application for writ of error to the Supreme Court was made and is there pending.

Thereafter appellant filed in the probate court his final account in which he claimed a credit for $4,500 as attorney's fees. Appellee contested the final account, and upon hearing the court reaudited appellant's account and allowed him $2,500 as attorney's fees and credit for one-half of the commissions which the court found were lawfully due to appellee (then Mrs. Marr), as administratrix. From such judgment an appeal was perfected by appellant to the Sixty-Fifth district court. The cause was there submitted to a jury and in accordance with findings thereof the court rendered judgment ordering appellant to pay over to appellee the sum of $5,967.12.

This appeal has been prosecuted from that judgment.

### Opinion.

Appellant's brief contains sixty-four assignments of error, the first six of which relate to the jurisdiction of the probate and district courts to entertain the suit and right of appellee, as administratrix de bonis non, to contest appellant's account. After a careful study of the authorities, we have concluded that the authorities cited by appellant support his contention that the probate court was without jurisdiction to settle the account of appellant after he had been removed and appellee appointed in his stead.

The holdings in Timmins v. Bonner & Long, 58 Tex. 554, Francis v. Northcote, 6 Tex. 186, and Ingram v. Maynard, 6 Tex. 131, all lead to such conclusion, and in deference thereto we hold that the probate court was without jurisdiction and that the judgment of the trial court should be reversed and the cause dismissed for want of jurisdiction. In this connection, see, also, American Surety Co. v. Hardwick (Tex. Civ. App.) 186 S. W. 804; Richardson v. Knox, 14 Tex. Civ. App. 402, 37 S. W. 189; Hix v. Duncan (Tex. Civ. App.) 99 S. W. 422; American Bonding Co. v. Logan (Tex. Civ. App.) 132 S. W. 894; McClellan v. Mangum, 33 Tex. Civ. App. 193, 75 S. W. 840.

Our conclusion on this phase of the appeal renders any discussion of the other assignments unnecessary.

The judgment is reversed, and the cause is dismissed.